ADAIR F. BOROUGHS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044
Telephone:     (202) 305-7546
Facsimile:     (202) 307-0054
E-mail: adair.f.boroughs@usdoj.gov

KELLY H. RANKIN
United States Attorney
CAROL A. STATKUS
Assistant United States Attorney
2120 Capitol Avenue, Room 4002
Cheyenne, Wyoming 82001

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF WYOMING

| | |
|---|---|
| MARILYN WALLACE, | ) |
| | ) |
|    Plaintiff, | ) Civil No. |
| | ) |
| v. | ) **ANSWER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Defendant. | ) |

      The United States of America, by its undersigned counsel, hereby answers the plaintiff's complaint as follows:

The United States admits the authenticity of the checks attached to the Complaint as Exhibit A but denies that these checks constitute an admission by the United States or the Internal Revenue Service.

The United States of America hereby responds to the numbered allegations of Plaintiff's Complaint as follows:

1. The United States admits that service of the Complaint was proper under Fed. R. Civ. P. 4.

2. The United States admits that Plaintiff is attempting to bring an action under 26 U.S.C. § 7433, but denies that Plaintiff has alleged sufficient facts to do so.

3. The United States admits the Plaintiff is requesting a jury trial.

4. The United States admits that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1357, but denies that the other statutes and Federal Rules of Civil Procedure listed by Plaintiff provide jurisdiction to this Court.

5. The United States admits the allegations contained in Paragraph 5.

6. The United States denies that the levy was illegal. The United States is without knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in Paragraph 6.

7. The United States denies that any amount was removed illegally from Plaintiff's pension. The United States admits the other allegations contained in Paragraph 7.

      8.      The United States admits that a levy should be released if all liabilities for which the levy was made are satisfied.  The United States denies that all of Plaintiff's liabilities were satisfied before the levy was released and denies all other allegations set forth in Paragraph 8.

      9.      The United States admits that a levy should be released if all liabilities for which the levy was made are satisfied.  The United States denies that all of Plaintiff's liabilities were satisfied before the levy was released.  The United States is without knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in Paragraph 9.

      10.      The United States denies that Plaintiff's outstanding tax liabilities, including interest and penalties, had been satisfied before the levy ended.  The United States is without knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in Paragraph 10.

      11.      The United States admits that Plaintiff met with Thomas Bentley.  The United States is without sufficient knowledge or information to know the exact date of this meeting.  The United States admits that the levy was ended, but not because of this meeting, but rather because Plaintiff eventually filed tax returns for tax years 1995 and 1996 changing the amounts assessed for these years.

      12.      The United States admits the authenticity of the checks attached to the Complaint as Exhibit A but denies that these checks constitute an admission by the United States or the Internal Revenue Service.

      13.      The United States admits the allegations contained in Paragraph 13.

14. The United States admits the allegations contained in Paragraph 14.

15. The United States denies the allegations contained in the first two sentences of Paragraph 15. The United States denies that Plaintiff's pensions were robbed. The United States is without knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in the last two sentences of Paragraph 15.

16. The United States denies the allegations contained in Paragraph 15.

17. The United States admits that approximately $11,000 of assessments were abated after the taxpayer eventually filed tax returns for tax years 1995 and 1996, resulting in two refund checks totaling $10,954.18. The United States denies all other allegations contained in Paragraph 17.

18. The United States denies that the Court should maximize damages awarded to Plaintiff. The United States is without knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in Paragraph 18.

19. The United States denies all allegations not specifically admitted in this Answer.

## **AFFIRMATIVE DEFENSES**

First Affirmative Defense: Plaintiff has failed to state a claim upon which relief can be granted. Taxpayers cannot seek damages under 26 U.S.C. § 7433 for an improper assessment of taxes. Rather, a taxpayer must prove that the Internal Revenue Service violated a statute or regulation in its method of collection. Thus, for the purposes of this case, Plaintiff cannot argue that the assessments as reflected in Forms 4340, Certificates of Assessments, Payments and Other

Specified Matters for U.S. Individual Income Tax Returns (Form 1040) for tax years 1994-2005 and for Civil Penalties for tax years 1985-1994 ("Forms 4340")[1] are improper or inaccurate. These Forms 4340 show nearly $69,000 in assessed taxes, penalties and interest.[2] Thus, claiming that $53,895.78 was taken by levy does not state a claim under 26 U.S.C. §7433.

Plaintiff's allegation that her tax debt was only $10,000 is a claim that the assessments as reflected in Forms 4340 are improper and not a claim related to the collection of Federal tax. Thus, Plaintiff has failed to state a claim for which relief can be granted.

WHEREFORE, the United States requests that the Complaint be dismissed, that Plaintiff take nothing by virtue of the Complaint, and that the United States have judgment in its favor on all issues raised in the Complaint, together with costs and such other relief as deemed appropriate by the Court.

DATED this 17th day of June, 2008.

          Respectfully submitted,

          KELLY H. RANKIN
          United States Attorney

          CAROL STATKUS
          Assistant United States Attorney

          ADAIR F. BOROUGHS
          Trial Attorney, Tax Division
          United States Department of Justice

---

[1] These Forms 4340 were attached to the United States' Memorandum of Law in Opposition to Plaintiff's Motion for Maximum Damages.

[2] Approximately $11,000 of assessments were abated after the taxpayer eventually filed tax returns for tax years 1995 and 1996, resulting in two refund checks.

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing **Answer** has been served upon the following by the method(s) indicated below on June 17, 2008:

| | |
|---|---|
| Elias Aoun | [ ] By Facsimile |
| 1730 N. Lynn Street, No. A-22 | [X] By U.S. Mail - postage prepaid |
| Arlington, VA 22209-2004 | [ ] By Hand Delivery |
| | [ ] By Overnight Courier |
| Attorney for Plaintiff | [ ] Electronic Filing |

_____
Melody Morse
United States Attorney's Office