KELLY H. RANKIN
United States Attorney
CAROL A. STATKUS
Assistant United States Attorney
2120 Capitol Avenue, Room 4002
Cheyenne, Wyoming 82001

Attorneys for the United States

ADAIR F. BOROUGHS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044
Telephone:    (202) 305-7546
Facsimile:    (202) 307-0054
E-mail: adair.f.boroughs@usdoj.gov


## IN THE UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF WYOMING

| | |
|---|---|
| MARILYN WALLACE, | ) |
| | ) |
|    Plaintiff, | )   Civil No.  2:08-CV-00156-CAB |
| | ) |
|    v. | )**ANSWER TO AMENDED** |
| | )**COMPLAINT** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Defendant. | ) |

The United States of America, by its undersigned counsel, hereby answers Plaintiff's

Amended Complaint as follows:

1.      The United States admits the allegations contained in Paragraph 1.

2.      The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3.      The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4.      The United States admits the first sentence of Paragraph 4, and admits that the IRS made assessments pursuant to 26 U.S.C. § 6020(b).  The United States denies the remaining allegations contained in Paragraph 4.

5.      The United States cannot admit to the authenticity of Exhibit D, as no exhibits were attached to the Amended Complaint.  The United States otherwise admits the allegations contained in Paragraph 5.

6.      The United States denies that any money was illegally levied from Plaintiff's pension.  The United States cannot admit to the authenticity of Exhibits E, F, and H, as no exhibits were attached to the Amended Complaint. The United States otherwise admits the allegations contained in Paragraph 6.

7.      The United States admits that Plaintiff filed a tax return for 1994 in August of 2004, and filed a tax return for 1998 and 1999 in May of 2005.  The United States avers that Plaintiff filed a tax return for 1995 and 1996 sometime before May of 2006.  The United States cannot admit to the authenticity of Exhibit D, as no exhibits were attached to the amended complaint.  The United States is otherwise without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 7.

8.      The United States denies the allegations contained in Paragraph 8 and avers that approximately $11,000 of assessments were abated after Plaintiff filed tax returns for tax years 1995 and 1996, resulting in two refund checks totaling $10,954.18.

9.      The United States denies that the allegations contained in Paragraph 9 and avers that levy did not continue past the processing of the newly-filed returns for tax years 1995 and 1996 and the abatement of assessments for tax years 1995 and 1996.  The abatements of these assessments occurred on September 18, 2006.

10.     The United States admits that a collection due process hearing was held before Appeals Officer Thomas Bentley in Billings, Montana on May 25, 2006, and admits that the levy was released after this hearing and denies the remaining allegations contained in Paragraph 10.

11.     The United States admits that Plaintiff filed an Administrative Claim for Unauthorized Collection in March of 2007, but is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 11.

12.     The United States admits the first sentence of Paragraph 12 and is without knowledge or information sufficient to form a belief as to when Plaintiff received the checks. The United States cannot admit to the authenticity of Exhibit A, as no exhibits were attached to the Amended Complaint and denies the remaining allegations contained in Paragraph 12.

13.     The United States denies the allegations contained in Paragraph 13.

14.     Paragraph 14 contains statements of law and does not contain any allegations of fact to which a response is required.  To the extent a response is required, United States denies

3

the allegations contained in Paragraph 14, as it is well-established that Plaintiff cannot challenge the amount of the assessments in an action commenced pursuant to 26 U.S.C. §7433.

15.     The United States admits that the proper venue for this action is Wyoming.  The United States denies the allegations contained in Paragraph 15.

16.     The United States denies the allegations contained in Paragraph 16.

17.     Paragraph 17 contains statements of law and does not contain any allegations of fact to which a response is required.  To the extent a response is required, the United States denies the allegations contained in Paragraph 17.

18.     The United States admits the Plaintiff correctly transcribed 26 U.S.C. §7433(a) in Paragraph 18 and denies the remaining allegations contained in Paragraph 18.

19.     Paragraph 19 contains statements of law and does not contain any allegations of fact to which a response is required.  To the extent a response is required, the United States denies the allegations contained in Paragraph 19.

20.     Paragraph 20 does not contain statements of fact to which a response is required. To the extent that a response is required, the United States denies the allegations in Paragraph 20.

21.     The United States admits that 26 U.S.C. § 6331(h) is transcribed accurately in Paragraph 21 and denies the remaining allegations contained in Paragraph 21.

22.     The United States denies the allegations contained in Paragraph 22.

23.     The United States is without sufficient knowledge or information to admit or deny the first sentence of Paragraph 23.  The United States cannot admit to the authenticity of Exhibit

D, as no exhibits were attached to the Amended Complaint.  The United States admits that a

$500 penalty was assessed pursuant to 26 U.S.C. § 6702 for tax years 1985 through 1994.  The

United States denies that these penalties were illegal and denies that these penalties were in

violation of the statute of limitations contained in 26 U.S.C. § 6501.  The United States avers that

Plaintiff cannot challenge the amount of any assessment in an action pursuant to 26 U.S.C.

§7433.

24.     The United States denies the allegations contained in Paragraph 24.

25.     The United States admits that a Notice of Levy was issued reflecting a stated

liability of $6,573.00.  The United States cannot admit to the authenticity of Exhibits D, E, and F

as no exhibits were attached to the Amended Complaint.  The United States denies the remaining

allegations contained in Paragraph 25.

26.     The first sentence of Paragraph 26 is a question and not a statement of fact which

requires an answer.  To the extent an answer is required, the United States avers that the IRS did

give notice and an opportunity for a hearing before any of the subsequent levies.  The United

States denies the remaining allegations contained in Paragraph 26.

27.     Provided that "DOJ/IRS Report" is meant to refer to the Certificates of

Assessments, the United States admits the first and third sentences of Paragraph 27.  The United

States denies the remaining allegations contained in Paragraph 27.

28.     The United States denies the allegations contained in Paragraph 28.

29.     The United States admits that a collection due process hearing was held before Appeals Officer Thomas Bentley in Billings, Montana on May 25, 2006, and admits that the levy was terminated after this hearing.  The United States lacks sufficient knowledge or information to admit or deny the allegations contained in the fourth sentence of Paragraph 29.  The last sentence of Paragraph 29 is a question and not a statement of fact that requires and answer.  The United States denies the remaining allegations contained in Paragraph 29.

30.     The United States admits the first sentence of Paragraph 30.  The United States cannot admit to the authenticity of Exhibit A, as no exhibits were attached to the Amended Complaint.  The United States denies the remaining allegations contained in Paragraph 30.

31.     The United States admits the first sentence of Paragraph 31.  The United States denies the second sentence of Paragraph 31.  The United States is without sufficient knowledge or information to admit or deny the third sentence of Paragraph 31.  The United States denies the remaining allegations contained in Paragraph 31.

32.     The United States is without sufficient knowledge or information to admit or deny the allegations contained Paragraph 32.

33.     The allegations contained in the first sentence of Paragraph 33 are ambiguous and are, therefore, denied.  The United States admits that the Certificates of Assessments reflect the assessment of fees, collections costs and interest that brought the total amount of assessments related to the Civil Penalties assessed against Plaintiff for tax years 1985 through 1993 to $6,438. The United States denies the remaining allegations contained in Paragraph 33.

6

34.     The United States admits that it has produced two Certificates of Assessments related to tax year 1994, and avers that one pertains to a civil penalty assessed pursuant to 26 U.S.C. §6702, and the other pertains to Plaintiff's federal income tax liability.  The United States denies that these two Certificates of Assessments are contradictory.

35.     The United States admits that the Certificate of Assessments pertaining to Plaintiff's federal income tax liability for tax year 1994 reflects assessments totaling $28,108.65, that the Certificate of Assessments pertaining the civil penalty assessed against Plaintiff for tax year 1994 reflects assessments totaling $745, and that the balances without statutory accruals are as Plaintiff states.  The United States denies the remaining allegations contained in Paragraph 35.

36.     The United States is without sufficient knowledge or information to admit or deny the first two sentences sentence of Paragraph 36.  The United States denies the remaining allegations contained in Paragraph 36.

37.     The United States is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 37.

38.     The United States is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 38.

39.     The United States admits that the Certificate of Assessments pertaining to Plaintiff's federal income tax liability for tax year 1994 reflects assessments totaling $28,108.65 and that this liability was satisfied.  The United States admits that the Certificate of Assessments

7

pertaining to the civil penalty assessed against Plaintiff for tax year 1994 reflects assessments totaling $745. The United States denies the remaining allegations contained in Paragraph 39.

40. The first sentence of Paragraph 40 is a question and not a statement of fact to which an answer is required. To the extent an answer is required, the United States denies the allegation. The United States disagrees with the factual premise implicit in the second sentence of Paragraph 40, and therefore denies these allegations.

41. The United States denies the allegations contained in Paragraph 41.

42. The United States denies the allegations contained in Paragraph 42.

43. The United States admits that Plaintiff correctly transcribed 26 U.S.C. §7433(b).

44. Paragraph 44 is not a statement of fact to which an answer is required. To the extent that an answer is required, the United States denies Paragraph 44.

45. The United States does not have sufficient knowledge or information to admit or deny the first sentence of Paragraph 45. The United States denies that the levies were served in violation of 26 U.S.C. § 6331(h) or were otherwise illegal and admits that the levy directed to Plaintiff's pension properly attached to more than 15% of Plaintiff's pension payments. The United States admits that Plaintiff's social security payments were levied, but is without sufficient knowledge or information to admit or deny the percentage. The United States admits that Plaintiff correctly transcribed 26 U.S.C. §6331(h), but denies that this section applies to a levy directed to Plaintiff's pension. The United States admits that the IRS levied to collect

Plaintiff's outstanding tax liabilities.  The United States denies the remaining allegations contained in Paragraph 45.

46.    The United States is without sufficient knowledge or information to admit or deny the first three sentences of Paragraph 46.  The United States cannot admit to the authenticity of Exhibits G and H, as no exhibits were attached to the Amended Complaint.  The United States denies the remaining allegations contained in Paragraph 46.

47.    The United States lacks sufficient knowledge or information to admit or deny the allegations contained in the first sentence.  The final sentence of Paragraph 47 is not a statement of fact to which a response is required.  The United States denies the remaining allegations contained in Paragraph 47.

48.    The United States denies the allegations contained in Paragraph 48.

49.    The United States admits that Congress enacted 26 U.S.C. §7433 but is otherwise without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 49.

50.    The allegations contained in Paragraph 50 are ambiguous and are, therefore, denied.

51.    The allegations contained in Paragraph 51 are ambiguous and are, therefore, denied.

52.    The United States admits that the Taxpayer Bill of Rights II was signed into law on July 30, 1996, but denies that it was part of the IRS Reform and Restructuring Act of 1998.

The United States denies the allegations in Paragraph 52 to the extent that they are inconsistent with 28 U.S.C. §§ 501-530 and the regulations promulgated thereunder and is without sufficient knowledge or information to admit or deny remaining allegations contained in Paragraph 52.

53.     Paragraph 53 is not a statement of fact to which a response is required.  To the extent a response is required, the United States denies the allegations contained in Paragraph 53.

54.     The United States denies the allegations contained in Paragraph 54.

55.     The United States denies the allegations contained in Paragraph 55.

56.     The United States admits that allegations contained in paragraph 56.

57.     The United States denies the allegations contained in Paragraph 57.

58.     The United States disagrees with the factual premise implicit in the first sentence of Paragraph 58 and, therefore, denies the allegation.  The second sentence of the Paragraph 58 is not a statement of fact to which a response is required.  The United States denies the remaining allegations contained in Paragraph 58.

59.     The United States denies the allegations contained in the first sentence of Paragraph 59.  The United States admits that Plaintiff correctly quoted from a portion of an order issued by Judge Ricardo Urbina.  The United States denies the remaining allegations contained in Paragraph 59.

60.     The United States denies the allegations contained in Paragraph 60.

61.     The United States denies all allegations not specifically admitted in this Answer.

**<u>AFFIRMATIVE DEFENSES</u>**

First Affirmative Defense: To the extent that Plaintiff makes claims in the Amended Complaint that vary from claims made in her Administrative Claim for Unauthorized Collection, this Court lacks jurisdiction over Plaintiff's claims under 26 U.S.C. 7433(d)(1), Treas. Regs. 301-7433-1(e), and the doctrine of variance.

<u>Second Affirmative Defense</u>: Plaintiff's action is barred by the statute of limitations in 26 U.S.C. §7433(d)(3).

<u>Third Affirmative Defense</u>: Plaintiff cannot seek damages under 26 U.S.C. § 7433 for alleged improper assessment of taxes.

<u>Fourth Affirmative Defense</u>: Section 7433 (26 U.S.C.) only provides for "actual, direct economic damages" 26 U.S.C. §7433(b).  Plaintiff cannot recover for any allegations of  "mental anguish, anxiety, and emotional distress," "new ailments," or other allegations that do not constitute actual and direct economic harm.

<u>Fifth Affirmative Defense</u>: Plaintiff had a duty to mitigate her damages under 26 U.S.C. §7433(d)(2).  To the extent that the Court awards any damages to Plaintiff, damages should be reduced in accordance with 26 U.S.C. §7433(d)(2).

//

//

//

//

11

WHEREFORE, the United States requests that the Complaint be dismissed, that Plaintiff take nothing by virtue of the Complaint, and that the United States have judgment in its favor on all issues raised in the Complaint, together with costs and such other relief as deemed appropriate by the Court.

DATED this 4th day of August, 2008.

Respectfully submitted,

KELLY H. RANKIN
United States Attorney


 /s/ Adair F. Boroughs
ADAIR F. BOROUGHS
Trial Attorney, Tax Division
United States Department of Justice

CAROL STATKUS
Assistant United States Attorney

12

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing **Answer to Amended**

**Complaint** has been served upon the following by the method(s) indicated below on August 4,

2008:

Elias Aoun                                          [  ] By Facsimile
1730 N. Lynn Street, No. A-22                       [X] By U.S. mail - postage prepaid
Arlington, VA 22209-2004                            [  ] By Hand Delivery
                                                    [  ] By Overnight Courier
Attorney for Plaintiff                              [X] By Electronic Filing


    /s/ Adair F. Boroughs_____
    Adair F. Boroughs
    Trial Attorney, Tax Division
    U.S. Department of Justice