KELLY H. RANKIN
United States Attorney
CAROL A. STATKUS
Assistant United States Attorney
2120 Capitol Avenue, Room 4002
Cheyenne, Wyoming 82001

ADAIR F. BOROUGHS (*Pro Hac Vice*)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044
Telephone:    (202) 305-7546
Facsimile:     (202) 307-0054
E-mail: adair.f.boroughs@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF WYOMING

| MARILYN WALLACE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil No.  2:08-CV-156-CAB |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Pursuant to Local Rule 7.1(b)(2)(D), the United States, through undersigned counsel, submits the following Proposed Findings of Fact and Conclusions of Law.

**PROPOSED FINDINGS OF FACT**

1. For tax years 1994 through 2003, Plaintiff did not file timely tax returns.

2. Because Plaintiff did not file tax returns, the Internal Revenue Service ("IRS") made income tax assessments for these tax years pursuant to 26 U.S.C. § 6020(b). These tax liabilities, including assessments for penalties and interest, totaled $61,671.29 plus interest and accruals as allowed by law.

3. The IRS also made civil penalty assessments for tax years 1985-1994. These liabilities, including assessments for interest, totaled $7,183.67, plus interest and accruals as allowed by law.

4. In 2001, the IRS began levying Plaintiff's pension to collect these tax liabilities. From September of 2001 through May of 2006, the State of Michigan Department of Management & Budget, Office of Retirement Services ("the Pension Office"), withheld $945.54 a month from Plaintiff's pension and paid this amount over to the IRS. The IRS collected a total of $53,895.78 from its levy on Plaintiff's pension.

5. Between 2004 and 2006, Plaintiff filed tax returns for tax years 1994-2003.

6. On May 25, 2006, Plaintiff had a collection due process hearing before IRS Appeals Officer Thomas Bentley in Billings, Montana. At this hearing, Officer Bentley that determined that Plaintiff had recently filed returns, that her account balances were being adjusted, and that after the adjustments were made, the remaining balances due would be satisfied and that Plaintiff would have a refund. Thus, Officer Bentley terminated the levy on May 25, 2006.

7.      Plaintiff was aware that the IRS was levying $945.54 a month from her pension from the start of the levy in September of 2001 and believed the levy was illegal at its inception. Plaintiff sent correspondence to the Pension Office and to the IRS claiming that the levy was illegal in 2001. Thus, Plaintiff had a reasonable opportunity to discovery all essential elements of her claim in September of 2001 when the levy began.

8.      Plaintiff kept a contemporaneous log of the payments the Pension Office made to the IRS and knew exactly how much money the IRS had levied at any given time. Thus, Plaintiff had a reasonable opportunity to discover all essential elements of a claim that the IRS levy should have ended after $10,580 was collected on August 23, 2002.

9.      The Pension Office provided Plaintiff with forms to fill out to determine the correct amount of her pension that exempt from levy under statute. Plaintiff did not fill out and return these forms.

10.      The Pension Office properly calculated Plaintiff's exempt amount (as if she were married filing a separate return with one personal exemption) at $558.33 each month.

11.      Plaintiff returned correspondence to the IRS unopened.

## PROPOSED CONCLUSIONS OF LAW

12.      Plaintiff's claims are time-barred by the statute of limitations contained in 26 U.S.C. § 7433, and this Court lacks jurisdiction over them. Accordingly, judgment must be entered in favor of the United States as a matter of law.

13.      Section 7433 (26 U.S.C.) waives sovereign immunity only for an action in connection with the collection of federal tax, not in connection with the determination or

assessment of federal tax. Thus, this Court lacks jurisdiction over Plaintiff's claims regarding the determination or assessment of federal tax, and such claims must be dismissed with prejudice.

14. Section 7433 (26 U.S.C.) waives sovereign immunity only where Plaintiff has exhausted her administrative remedies. The administrative claim attached to Plaintiff's original complaint did not meet all of the requirements of 26 C.F.R. 301.7433-1(e), and, thus, Plaintiff's Complaint must be dismissed with prejudice.

15. Section 7433 (26 U.S.C.) waives sovereign immunity only where Plaintiff has exhausted her administrative remedies. Thus, Plaintiff cannot recover on any factual or legal grounds not raised specifically raised in her administrative claim, and such claims must be dismissed with prejudice.

16. Under 26 U.S.C. § 6331(h), the IRS was allowed to levy fifteen percent (15%) of Plaintiff's wages up to the minimum exempt amount and one-hundred percent (100%) of Plaintiff's wages beyond the exempt amount. Thus, the amounts levied by the IRS is not a violation of 26 U.S.C. § 6331(h).

17. In order to state a claim under 26 U.S.C. § 7433, a Plaintiff must specifically plead the exact provisions of the Internal Revenue Code or Treasury Regulations which she allegea were intentionally, recklessly or negligently disregarded. Therefore, any claims where Plaintiff failed to plead which statute or regulation was violated is dismissed.

18. According to IRS regulations, a notice of the levy on a taxpayer's wages must be given to the person in possession of the salary. In this case that person would be the Pension

Office, not Plaintiff.  Thus, failing to provide Plaintiff with a Notice of Levy is not a violation of 26 U.S.C. § 6303, 26 U.S.C. § 6320, or 26 U.S.C. § 6330.

19.   Under 26 U.S.C. 6331(c), "the amount due from him, together with all expenses, is fully paid" includes amounts due by the taxpayer on all tax years.  Thus, all of Plaintiff's claims that the levy should have been released after the liabilities for a single tax year were paid in full must be dismissed.

20.   Plaintiff can only collect "actual, direct economic damages" under 26 U.S.C. § 7433.  Thus, Plaintiff's claims for "mental anguish, anxiety, and emotional distress" and similar claims must be dismissed.

DATED this 21st day of November, 2008.

    Respectfully submitted,

    KELLY H. RANKIN
    United States Attorney

    /s/ Adair F. Boroughs
    ADAIR F. BOROUGHS
    Trial Attorney, Tax Division
    United States Department of Justice

    CAROL STATKUS
    Assistant United States Attorney