LYNN BOAK, ESQ.
P.O. Box 20912
Cheyenne, WY 82003
(307) 634-6713
E-mail: lynnboaklaw@millect.com

ELIAS AOUN, ESQ. (*Pro Hac Vice*)
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
Telephone: (202) 257-7796
E-mail: eliaoun@yahoo.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WYOMING**

| | |
|---|---|
| MARILYN WALLACE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> _____) | Civil No. 2:08-CV-156-CAB |

**PLAINTIFF'S PROPOSED FINDING OF FACTS
AND CONCLUSIONS OF LAW**

Pursuant to Local Rule 7.1(b)(2)(D), Plaintiff, through undersigned counsel, submits the following Proposed Findings of Fact and Conclusions of Law.

1

## I.    PROPOSED FINDING OF FACTS

1. A letter dated December 1, 2008, was received by Plaintiff from the IRS. It stated that Plaintiff and her husband will receive a refund for $2,567.65 for tax year 1997. (Exhibit A-7)

2. Two refund checks dated November 28, 2008, were received by Plaintiff and her husband for the amounts of $14.61 (for tax year 2000) and $3.44 (for tax year 2003). (Exhibit A-8)

3. These recent refunds and adjustments offer another proof that the IRS levy was excessive – therefore, unauthorized and violates IRC 7433.

4. Plaintiff filed tax returns for 1985 to 1993 on time. All of these returns (except for 1992 and 1993) were prepared by a tax service which is a member with the National Association of Tax Practitioners. (Exhibit A-9)  The fact that a professional service prepared the returns reflects that the "frivolous" penalty was motivated by an IRS bias against Plaintiff and not due to a defect that justified imposing penalties after the three years statute of limitation.

5. As a clarification to Plaintiff's administrative claims (which only state approximate amounts), Plaintiff intended to ask for

$35,810.70, plus interest, court costs, attorney fees, and other relief the court deems appropriate.  (Exhibits A-1 to A-5)

6. Defendant's transcripts contain errors and are not reliable.

7. Plaintiff refutes Defendant's allegation of a $61,671.29 tax liability.

8. Plaintiff refutes Defendant's allegation of civil penalties for tax years 1985 to 1993.

9. Plaintiff was not aware about the content of the correspondence she returned unopened to the IRS.

10. As to Defendant's opposition to certain claims (Summ. Judg. Page 17-18), it would be sufficient to say that Plaintiff cannot make claims about things before knowing them.  For example, Plaintiff could not have contested certain issues before seeing the IRS transcripts.

11. During the deposition of Plaintiff by Defendant's attorney, the questions about where Plaintiff bought her books from and whether she attended meetings were disrespectful and inappropriate.  They reflect more the attitude of those representing a fascist or communist state rather than employees of a Republic.

## II.  PROPOSED CONCLUSIONS OF LAW

12. Since the Internal Revenue Code relates to the collection of federal income taxes, any non-tax money collected under the provisions of the Code is an unauthorized collection measure.

13. Plaintiff's claims are not time-barred. (Refer to Plaintiff's argument in Section I and II of her Memorandum in Opposition to Defendant's Summary Judgment.)  Defendant did not challenge the statute of limitations at the beginning of the lawsuit and did not appeal the U.S. District Court for the District of Columbia's decision that the lawsuit was timely.

14. Defendant's arguments in its Summary Judgment implies its agreement that sovereign immunity has been waived for at least the amount of $35,810.70.

15. The administrative claims filed with the IRS are valid claims. (Exhibits A-1 to A-5)  Defendant did not challenge the validity of the claims at the beginning of this lawsuit.  Defendant is falsifying Plaintiff's record by commenting only on the copies submitted with the original Complaint rather than what has actually been filed with the IRS – which Defendant has copies of.

16. Violations of the Internal Revenue Code are not restricted to citing provisions within the Code.  If the Code does not include a provision

against torture, it does not mean that torture is authorized as a collection measure by IRS agents.

17. Defendant failed to prove the constitutional and lawful basis for Plaintiff's liability for tax.  No collection is authorized without a previously defined liability.

18. The Internal Revenue Service (IRS) does not have the authority to levy Plaintiff's pension under IRC 6331 because this section does not apply to Plaintiff.  The IRS levy of Plaintiff's pension and social security benefits under IRC 6331 is a violation of IRC 7433.

19. Defendant's claim that a notice of levy should not be given to plaintiff but only to the Pension Office is contrary to IRC § 6330(a)(1) and contrary to the Due Process standard outlined by the Constitution.  Defendant is fabricating its own laws.

20. In 2001, the IRS assessed the civil penalties for years 1985 to 1993 pursuant to IRC 6702.  The assessment is in violation of IRC Sec. 6501(a) which places a three-years limitation on assessing filed returns. Assessment of penalties is treated in the same manner as taxes, per IRC 6665(a).

21. According to 6702(c): "The Secretary shall prescribe (and periodically revise) a list of positions which the Secretary has

identified as being frivolous for purposes of this subsection." Defendant has not informed Plaintiff what is specifically "frivolous" about her returns.

22. Most likely, the reason for the penalty is not because the filings were frivolous but because the IRS assumed that Plaintiff had become involved in what it considers "Tax Protest Organization" or activities. This belief is supported by Defendant's Exhibit D (page US-725) where her "participation in a Tax Protest Organization" is referenced. Defendant's conduct is in violation of Plaintiff's first amendment rights and civil rights.

23. During discovery, Defendant refused to provide any document which verifies in writing that the penalties imposed on Plaintiff did receive supervisory approval. Defendant claimed that these documents relate to "determination of penalties" and beyond the scope of 7433.

24. In the absence of requested evidence, Defendant is in violation of IRC 6751(b)(1). This violation pertains to IRC 7433 because it relates to whether the IRS followed proper collection procedure, regardless of the amount of the penalties. (Request No. 25, Plaintiff's Second Request for Production of Documents)

25. Plaintiff is not in possession of any document which verifies that Defendant complied with 26 USC 6203 by recording an assessment of the taxes Plaintiff allegedly owes. Plaintiff requested copies of the record of the assessment during discovery. Defendant refused to provide these records in violation of IRC 6203 claiming that a "Form 4340 creates a presumption that a Summary Record of Assessment . . . was validly executed and certified." (Request No. 24, Plaintiff's Second Request for Production of Documents)

26. Whether a "presumption" exists or not is irrelevant to the production of documents. IRC 6203 says that upon request, the Secretary "shall furnish" copies of the record of the assessment. Plaintiff did make the request, and Defendant refused to furnish what was requested.

27. Defendant's position is that "assessments" do not relate to IRC 7433. Plaintiff's position is not necessarily the amount of the assessment, but whether proper procedure was followed. The procedural aspect of the assessment (regardless of amount) relates to the legality or illegality of the collection.

28. Due to Defendant's refusal to provide copies of the records of assessment, and viewing the evidence in the light most favorable to

Plaintiff, the presumption is that the IRS did not comply with IRC 7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment.

Respectfully submitted,

__/s/Elias Aoun_____                           Date: December 12, 2008
Elias Aoun, Esq. Bar Number 479315
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
E-mail: Lawyer2008@yahoo.com
Cell Phone 202-257-7796