LYNN BOAK, ESQ.
P.O. Box 20912
Cheyenne, WY 82003
(307) 634-6713
E-mail: lynnboaklaw@millect.com

ELIAS AOUN, ESQ. (*Pro Hac Vice*)
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
Telephone: (202) 257-7796
E-mail: eliaoun@yahoo.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WYOMING**

| | |
|---|---|
| MARILYN WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:08-CV-156-CAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

# ADDENDUM

## PLAINTIFF'S CHALLENGE TO ATTORNEY BOROUGHS' DECLARATION

1. Plaintiff presents this Addendum to clarify her position regarding the Exhibits outlined in the "Declaration of Adair Boroughs in Support of the United States' Motion for Summary Judgment."

1

**Clarification over Defendant's Exhibit A**

2.  Defendant's Exhibit A (Parts 2 to 5) shows copies of Plaintiff's negotiated pension checks under protest. On that basis, Plaintiff did not fill out the forms sent to her by the Michigan retirement office to state her filing status or list any standard deductions or exemptions because she believed that doing so would be acquiescence and a waiver of her rights. If she had filled out and returned these forms, Plaintiff believed that she would have agreed to the theft of her money.

**Dispute or challenge of Defendant's Exhibits B and C**

3.  Defendant's Exhibits B and C are certified as "a true Form 4340." On the last page of each document, a certifying officer claims that the ". . . transcript . . . in respect to the taxes specified is a true . . . transcript . . . as disclosed by the records of this office . . ."

4.  The "Form 4340" and the "transcript" do not certify the lawfulness of the "taxes specified" or to the accuracy or validity of the "records of this office."

5.  Certifying that ". . . a piece of paper . . . is a true . . . piece of paper . . ." – with garbled information before, in between, and after – does not mean

that the information on that piece of paper is accurate. Such a certification is worthless.

6. In the same context, certifying that a ". . . transcript . . . is a true . . . transcript . . ." does not mean that the "taxes" listed on that transcript meet the constitutional standards or are in compliance with the Internal Revenue Code.  Defendant did not even provide copies of information returns to identify the sources of the data listed.

7. Exhibit B does not prove or justify the levy on Plaintiff's money since there is no legitimate certification that the amounts listed are lawful federal taxes in accordance with the Constitution and laws and for which Plaintiff is liable.  Defendant is required to resubmit transcripts, with new certification stating that to be the case.

8. Defendant will most likely respond by stating that IRC 7433 is limited to the "collection" of taxes, and not "assessment."

9. However, Plaintiff is drawing the Court's attention to deceit, fraud, and the collection of money that is not a tax, regardless of the assessment amount.  Since the Internal Revenue Code relates to the collection of taxes, any non-tax money collected under the provisions of the Code is an unauthorized collection measure.

**Dispute or challenge of Defendant's Exhibit D**

10. Defendant's Exhibit D relates to years 2000-2003 and not all years in question in this lawsuit. It is dated July 6, 2006.

11. However, Plaintiff would like to draw the Court's attention to comments made on page US-724 of that exhibit.

<u>1994-1995 Discrepancies</u>

12. It is stated: "The 1994 and 1995 <u>had been satisfied</u> with a levy dated February 3, 2003, on the Mrs. Wallace's retirement income at $945.00 monthly."

13. "[H]ad been satisfied" means that no payments are due after that date. Others may argue a different meaning: that a levy was initiated on that date. In either case, the Internal Revenue Service (IRS) is either willfully lying or acting recklessly, intentionally, or by reason of negligence.

14. Under the first argument, and upon review of Defendant's Exhibit C for year 1994, levies were made against Plaintiff from February 3, 2003 until October 31, 2005 AFTER the account for that year "had been satisfied."

15. Under the second argument, a "payment" of $945.54 is made to Plaintiff's account on February 3, 2003 – while the notice of levy was issued on January 29, 2004. In other words, the notice of levy for that year was issued one year AFTER the levy had begun for that year.

16. Defendant's Exhibit C for year 1995 also reflects a notice of levy issued on January 29, 2004.  However, the rest of the entries are not sequential as to date.  There is nothing dated February 3, 2003.

2000-2003 Discrepancies

17. According to page US-724: "The 2000, 2001, 2002 and 2003 were in Collection Due Process status and no Notice of Federal Tax Lien had been filed. Therefore . . . [Plaintiff's] request for CDP – Lien Hearing is not relevant as <u>there is no lien</u>." [Emphasis added]

18. According to Exhibit C for year 2000, a federal tax lien was instituted on December 19, 2003 and released on May 11, 2007.

19. Also according to page US-724: "the 2003 was processed with no liability . . ." However, according to an IRS letter dated December 1, 2008, Plaintiff owed $128.27 for year 2003 and is now to be refunded $2.68 after adjustments. (Exhibit A-10)

Summary

20. Defendant might say: "These discrepancies do not reflect what provision of the code has been violated."  What they do reflect, at the very least, is that errors do exist in Defendant's transcripts.  Therefore, they are not reliable by themselves as a basis to make accurate conclusions.

21. Thus, collection measures based on false information are unauthorized. If Defendant asks "what provision of the Code is being violated?" then Defendant must present a provision showing that collection measures based on falsehoods are permitted.

22. Defendant's logic is that the IRS can lie, cheat, and steal; it does not need to point to a specific statute or regulation explicitly sanctioning its action; and it is the Plaintiff's "burden" to show that it cannot. Their logic is similar to requiring from a rape victim to cite the statute prohibiting rape as a pre-requisite to ending the assault.

**Dispute or challenge of Defendant's Exhibit F**

23. In response to Defendant's Exhibit F, Plaintiff's Exhibits A-1 to A-5 are copies of administrative claims filed with the Internal Revenue Service. Copies of these were provided to Defendant prior to Defendant's filing of its motion for Summary Judgment.

24. Plaintiff's administrative claims implied (by stating only approximate amounts) an excessive levy of $43,315.78. This amount is the difference between what the IRS had collected ($53,895.78) minus where Plaintiff in her administrative claims considered the levy should have ended (at $10,580).

25. Plaintiff's Exhibits A-4 and A-5 refer to a levy from Plaintiff's social security checks in the total amount of $3,449.10. (Exhibit A-19)

26. Plaintiff received two refund checks, dated March 16, 2007, from the U.S. Treasury for a total amount of $10,954.18.

27. Based on Plaintiff's administrative claims, Plaintiff seeks about $35,810.70 ($43,315.78 plus $3,449.10 minus $10,954.18), plus interest, court costs, attorney fees, and other relief the court deems appropriate.

**Clarification over Defendant's Exhibit G**

28. Defendant's Exhibit G is dated April 27, 2002.  It is an attachment to a letter (dated January 12, 2006) and sent by the Michigan's Department of Management & Budget to Plaintiff.

29. When Defendant refers to Exhibit G on page 24, footnote no. 16, of its summary judgment, Defendant does not clarify to the Court that Plaintiff received that notice almost four years after the date listed on the notice. (Exhibit A-6)

**Conclusion**

30. Defendant's Exhibits B, C, and D are a true and correct "copy" of the documents presented. However, this does not mean that all the information included in Defendant's Exhibits B, C, and D is true and correct.

Respectfully submitted,

__/s/Elias Aoun_____                    Date: December 12, 2008
Elias Aoun, Esq. Bar Number 479315
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
E-mail: Lawyer2008@yahoo.com
Cell Phone 202-257-7796