John E. Frentheway, Esq.
P.O. Box 181
Cheyenne, WY 82003
(307) 632-2979
E-mail: JNFrentheway@Juno.com

Elias Aoun, Esq. (*Pro Hac Vice*)
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
Telephone: (202) 257-7796
E-mail: eliaoun@yahoo.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WYOMING**

| | |
|---|---|
| Marilyn J. Wallace,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>UNITED STATES OF AMERICA,　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant.　　　　　　　)<br>_____) | Civil No. 2:08-CV-156-CAB |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

　　　　Defendant's motion to strike Plaintiff's Addendum and Exhibits is not based on allegations that Plaintiff's information is incorrect, but rather that the information is "without accompanying affidavit or citation to admissible evidence." In weighing evidence, justice looks at truth alone and not to do something which is useless (such as to prove facts most of

which is already proven or in the custody of the party asking for the proof).

I. **Local rules do not prohibit filing supplements**

1. Defendant accused Plaintiff of seeking "to circumvent the Court's local rules on page limitations." If Plaintiff had such intention, Plaintiff would have followed Defendant's example by removing numbering of paragraphs and creating a top-page-margin outside what is required by local rules as Defendant did in its memorandum.

2. Plaintiff wanted to respond to each of Defendant's main documents separately and specifically. Defendant's main documents were: the memorandum, the affidavit, and statement of facts and conclusions of law. Plaintiff's main response was a memorandum, an addendum to dispute the affidavit, and a statement of facts – in addition to the exhibits.

3. The local rules refer to page limitation for the brief. The rules make no reference to the number of (or page limitations to) the exhibits, supplements or addendum to the brief. Would it make a difference if Plaintiff had called the "Addendum" any other name?

4. Plaintiff does not believe there is a need to seek a permission to file an extended brief, because Plaintiff filed a brief within the 25-page limits. Plaintiff does not believe that the rules specifically forbid attaching any number of supplements or exhibits to her memorandum.

5. In the meantime, Defendant needs to review its own memorandum's compliance with the Rules: The paragraphs within the memorandum were not numbered, the top-page margin of the memorandum is contrary to local rules requirements, and there was no proposed order attached to the summary judgment motion.

6. Defendant's zealous concern for rules should begin by ensuring its own conformance.

**II. Rule 56(e) applies to affidavits, not addendums**

7. Defendant's argument is that Plaintiff's dispute of Defendant's exhibits "consisted of statement of facts without accompanying affidavits or citation to admissible evidence as required by Rule 56." Plaintiff's Addendum cited Defendant's Affidavit and Defendant's Exhibits. If Defendant is acknowledging that its affidavit and

exhibits are not "admissible evidence," then Plaintiff would offer no argument in opposition.

8. Rule 56(e), which Defendant is relying upon, relates to affidavits, not addendums.

9. In addition, Defendant presented no declaration from anyone in the Internal Revenue Service on whose behalf Defendant is litigating.

### III. Explaining the language used in Plaintiff's Addendum

10. Most of the challenges on page 3 of Defendant's motion to strike are irrelevant. There is no need to verify information most of which Defendant already has.

11. Plaintiff's statement in **Paragraph 8** of the Addendum ("Defendant will most likely respond by stating that IRC 7433 is limited to the 'collection' of taxes, and not 'assessment.'") is based on Defendant's answers to Plaintiff's Second Request for Production of Documents. Defendant needs to review its responses to Requests number 6, 9, 10, 11, 12, 17, 18, 19, 20, 21, and 25 in which Defendant stated that Section 7433 related to the "collection" of a federal tax not the "determination" or "assessment."

12. Plaintiff's statement in **Paragraph 20** ("Defendant might say: 'These discrepancies do not reflect what provision of the code has been violated.' . . .") is based on Defendant's own statement in the Summary Judgment Memorandum (page 22) where Defendant stated: "the paragraphs labeled IRS violations . . . fail to allege any violation of the Internal Revenue Code . . ."

13. **Paragraphs 10 - 19** are based on Defendant's own record presented to the Court. All that Plaintiff is doing is pointing out the falsehoods.

14. Also, **Paragraphs 3-9** are based on Defendant's own transcripts. Is Plaintiff prohibited from reading the transcripts and say what they do not include or certify? The evidence is in Defendant's Exhibits B and C. Is Defendant asking Plaintiff to offer an affidavit to say that its Exhibits B and C do not include what they do not include? These exhibits are already in the court's record and everyone involved in this litigation knows how to read and able to discern whether something is included or not.

15. Defendant's "proposed finding of facts" (Paragraph 4) states that the IRS "collected a total of $53,895.78 from its levy on Plaintiff's pension." Same document, Paragraph 8, refers to $10,580 as the

amount where levy should have ended (as Plaintiff previously argued). The difference is $43,315.78 – which is stated in **Paragraph 24**.

16. In Defendant's Answer of June 17, 2008 (Paragraph 12), Defendant admitted "the authenticity of the checks attached to the complaint . . ." These two checks amounted to $10,954.18 – which is stated in **Paragraph 26**.

17. **Paragraph 25, 28, 29** are based on what is available in Plaintiff's record.

### III.  Defining Plaintiff's Exhibits

18. Plaintiff's Exhibits A1 to A5 are Plaintiff's administrative claims sent to the IRS. The IRS should have copies of these letters.

19. The cover page of Exhibit A-6 refers to the two attachments. This is what is available in Plaintiff's file. If Defendant has something different, they are free to present it.

20. Exhibits A-7, A-8, A-10, A-11, A-12, and A-16 are IRS documents easily accessible or verifiable by Defendant.

21. For Exhibit A-9, the IRS should have copies of Plaintiff's Form 1040 for years 1985, 1987 to 1990 and could easily verify the preparer who signed the forms. Accu-Tax Inc. prepared the 1991 tax return.

22. Exhibits A-13 to A-15 are based on court records. The issue is not the opinions presented but to show that a case actually existed during 2001-2002. Defendant already knows the case existed. The pages in Exhibit A-13 are given by Defendant to Plaintiff. Also, Defendant has access to all court records.

23. Exhibit A-17 is based on a letter from the IRS. Plaintiff does not have the original document but believes that the content is accurate. If Defendant thinks differently, then they are welcome to get a letter from the IRS or point out provisions in the Internal Revenue Code that would contradict the exhibit.

24. Exhibit A-18 is based on public information.

25. Plaintiff's handwriting in Exhibit A-19 is a proof that Plaintiff prepared the document. Defendant had also presented exhibits with Plaintiff's handwriting.

**IV. Conclusion**

26. Laws are written to prohibit an action which would violate the rights of another. For example, the IRS is prohibited from stealing

someone's money (although they do so, and the Department of "Justice" defends such theft). On the other hand, rules are written to regulate activity and behavior. Therefore, a plaintiff's rights cannot be denied simply due to mistakes based on rules.

27. The rules should not be applied in manners that would violate someone's rights, or to deny evidence under the guise of not being authenticated when Defendant has access to most of the same information based on its own sources.

28. Finally, the Internal Revenue Service has failed to provide Plaintiff with a proof about the constitutional basis for its authority against Plaintiff.

> "Whatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or be limited by delegated legislation, properly exercised through the rule-making power." *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380 at 384 (1947).

29. It is said that "a forestaller is an oppressor of the poor, and a public enemy to the whole community and the country." For Defendant to make a motion based on the lack of an affidavit in Plaintiff's filing is one thing. But for Defendant to ask that all of Plaintiff's addendum

and exhibits be struck from the record is a fraudulent measure aimed to conceal other fraud.

Respectfully submitted,

__/s/Elias Aoun_____                    Date: December 19, 2008
Elias Aoun, Esq. Bar Number 479315
1730 N. Lynn St., # A-22
Arlington, VA 22209-2004
E-mail: Lawyer2008@yahoo.com
Cell Phone 202-257-7796

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing, along with the attached exhibits have been served upon the following by electronic filing on December 19th, 2008:

KELLY H. RANKIN
United States Attorney
CAROL A. STATKUS
Assistant United States Attorney
2120 Capitol Avenue, Room 4002
Cheyenne, Wyoming 82001

ADAIR F. BOROUGHS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044

Attorneys for the United States


____/s/ Elias Aoun___
ELIAS AOUN, ESQ.